UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MIGUEL ANGEL AGUERO GUERRA,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-733

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.     **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.17.) In an Order entered on March 6, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on March 11, 2026 (ECF No. 4), and Petitioner filed his reply on March 12, 2026 (ECF No. 5).

## II.    Factual Background

Petitioner is a native and citizen of Mexico. (Pet., ECF No. 1, PageID.5; Notice to Appear (NTA), ECF No. 4-2, PageID.37.) Petitioner entered the United States in 2007 or 2008 at the age of 16 without inspection. (Pet., ECF No. 1, PageID.5–6; NTA, ECF No. 4-2, PageID.37.)

On October 20, 2025, ICE agents arrested Petitioner. (2025 I-213, ECF No. 4-1, PageID.34.) The Department of Homeland Security (DHS) issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General," and "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]." (NTA, ECF No. 4-2, PageID.37–40.) Petitioner was subsequently convicted of misdemeanor domestic violence involving an incident in which Petitioner was a victim of domestic violence, not the aggressor, and did not commit battery. (Pet., ECF No. 1, PageID.7; *see* 2025 I-213, ECF No. 4-1, PageID.35); *see* 8 U.S.C. § 1227(a)(7).[1]

---

[1] Though an individual previously convicted of a crime of domestic violence is typically considered deportable and not eligible for cancellation of removal under 8 U.S.C. § 1227(a)(2)(E), a "domestic violence waiver" is available in cancellation of removal proceedings under § 1229b(2)(A). 8 U.S.C. § 1229b(b)(5). To obtain such a "waiver for victims of domestic violence," the Attorney General must find that the noncitizen "has been battered or subjected to extreme cruelty and . . . is not or was not the primary perpetrator of the violence in the relationship" and:

> (I) the alien was acting in self-defense; (II) the alien was found to have violated a protection order intended to protect the alien; or (III) the alien committed, was arrested for, was convicted or, or pled guilty to committed a crime (aa) that did not result in serious bodily injury; and (bb) where there was a connection between the crime and the alien's having been battered or subjected to extreme cruelty.

8 U.S.C. § 1227(a)(7). In granting Petitioner's request for cancellation of removal and adjustment of status under § 1229b(2)(A) and waiving Petitioner's misdemeanor domestic violence

On December 22, 2025, a custody redetermination hearing was held before the Detroit Immigration Court, at which time the immigration judge denied Petitioner's request for bond because he had "not demonstrated that he is not a danger to society." (Dec. 22, 2025, Immigration Judge Order, ECF No. 4-3, PageID.45.) A second custody redetermination hearing was held on January 23, 2026. (Jan. 23, 2026, Immigration Judge Order, ECF No. 4-4, PageID.48.) At that time, the immigration judge denied Petitioner's request for bond, citing "[d]anger due to domestic violence conviction." (*Id.*) However, on February 23, 2026, the immigration judge granted Petitioner's application for cancellation of removal under Section 240A(b)(2) of the INA, which is codified at 8 U.S.C. § 1229b(b)(2), and adjusted Petitioner's status to "lawful permanent resident." (Resp., ECF No. 4, PageID.28; Feb. 23, 2026, Immigration Judge Order, ECF No. 4-5, PageID.56.) The Government waived the right to appeal that decision. (*Id.*, PageID.58.)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

---

conviction, the immigration judge necessarily found that Petitioner satisfied these criteria. (*See* Feb. 23, 2026, Immigration Judge Order, ECF No. 4-5, PageID.56.)

### IV.    Exhaustion

Respondents argue that the Court should deny Petitioner's request for habeas corpus relief because Petitioner has not exhausted his administrative remedies. The Court declines to enforce the doctrine of prudential exhaustion against Petitioner, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis in each of the following cases: *Caceres Martinez v. Raycraft*, No. 1:26-cv-547, 2026 WL 621359, at *2–3 (W.D. Mich. Mar. 5, 2026); *Nazari v. Raycraft*, No. 1:26-cv-540, 2026 WL 607704, at *2–3 (W.D. Mich. Mar. 4, 2026); *Delgado Vilchez v. Warden, North Lake Corr. Facility*, No. 1:26-cv-216, 2026 WL 570449, at *2–3 (W.D. Mich. Mar. 2, 2026); *Ramirez Gonzalez v. Dep't of Homeland Sec.*, No. 1:26-cv-373, 2026 WL 547955, at *3–4 (W.D. Mich. Feb. 27, 2026).

Accordingly, the Court will proceed to address the merits of Petitioner's § 2241 petition.

### V.    Merits Discussion

#### A.    Statutory Basis for Petitioner's Detention

Petitioner contends that Respondents have violated the INA by concluding that Petitioner is detained pursuant to the mandatory detention provisions set forth in 8 U.S.C. § 1225(b)(2). He argues that "Respondents have not identified any statute authorizing continued detention of an individual whose removal has been cancelled and whose status has been adjusted to lawful permanent resident status by an immigration judge." (Reply, ECF No. 5, PageID.63.) Respondents, however, contend that, "[b]ecause the cancellation of removal and adjustment of status is not yet final, Petitioner remains an 'applicant for admission' pursuant to 8 U.S.C. § 1225, and is therefore lawfully retained under that section." (Resp., ECF No. 4, PageID.28.)

The Court concludes that, even if Petitioner had not been granted lawful permanent resident status, § 1225(b)(2)(A) does not govern noncitizens, such as Petitioner, who have resided in the

4

United States and were already within the United States when apprehended and arrested for the reasons set forth in the Court's statutory analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at \*3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at \*4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at \*4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at \*3–6 (W.D. Mich. Dec. 12, 2025).[2]

However, it is undisputed that, on February 23, 2026, the Detroit Immigration Court did cancel Petitioner's removal and grant Petitioner lawful permanent resident status under 8 U.S.C. § 1229b(2), which provides which provides a "special rule for [a] battered spouse or child." 8 U.S.C. § 1229b(2); (Feb. 23, 2026, Immigration Judge Order, ECF No. 4-5, PageID.56.)[3] The INA makes clear:

> An alien lawfully admitted for permanent residence in the United States shall not be regarded as seeking an admission into the United States for purposes of the immigration laws unless the alien--
>
> (i) has abandoned or relinquished that status,

---

[2] The Court is aware of *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which was recently issued by the United States Court of Appeals for the Fifth Circuit. At this time, this non-binding case does not change the Court's analysis.

[3] Under § 1229b(2),

> The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien demonstrates that--
>
> (i)(I) the alien has been battered or subjected to extreme cruelty by a spouse or parent who is or was a United States citizen (or is the parent of a child of a United States citizen and the child has been battered or subjected to extreme cruelty by such citizen parent);
>
> (II) the alien has been battered or subjected to extreme cruelty by a spouse or parent who is or was a lawful permanent resident (or is the parent of a child of an alien

5

(ii) has been absent from the United States for a continuous period in excess of 180 days,

(iii) has engaged in illegal activity after having departed the United States,

(iv) has departed from the United States while under legal process seeking removal of the alien from the United States, including removal proceedings under this chapter and extradition proceedings,

(v) has committed an offense identified in section 1182(a)(2) of this title, unless since such offense the alien has been granted relief under section 1182(h) or 1229b(a) of this title, or

(vi) is attempting to enter at a time or place other than as designated by immigration officers or has not been admitted to the United States after inspection and authorization by an immigration officer.

8 U.S.C. § 1101. Respondents do not contend that Petitioner has abandoned or relinquished his

status, has been absent from or departed the United States, or is attempting to enter the United

---

who is or was a lawful permanent resident and the child has been battered or subjected to extreme cruelty by such permanent resident parent); or

(III) the alien has been battered or subjected to extreme cruelty by a United States citizen or lawful permanent resident whom the alien intended to marry, but whose marriage is not legitimate because of that United States citizen's or lawful permanent resident's bigamy;

(ii) the alien has been physically present in the United States for a continuous period of not less than 3 years immediately preceding the date of such application, and the issuance of a charging document for removal proceedings shall not toll the 3-year period of continuous physical presence in the United States;

(iii) the alien has been a person of good moral character during such period, subject to the provisions of subparagraph (C);

(iv) the alien is not inadmissible under paragraph (2) or (3) of section 1182(a) of this title, is not deportable under paragraphs (1)(G) or (2) through (4) of section 1227(a) of this title, subject to paragraph (5), and has not been convicted of an aggravated felony; and

(v) the removal would result in extreme hardship to the alien, the alien's child, or the alien's parent.

8 U.S.C. § 1229b(2)(A).

6

States. Petitioner acknowledges that he received a misdemeanor conviction for domestic violence. (Pet., ECF No. 1, PageID.7.) However, this conviction does not fall within those criminal activities identified in 8 U.S.C. § 1182(a)(2). Therefore, Petitioner may not be regarded as seeking admission under the INA.

Accordingly, the Court agrees that Respondents have not identified any statutory basis for Petitioner's continued detention.

### B. Fifth Amendment Due Process Considerations

Petitioner also argues that his detention violates the Fifth Amendment's Due Process Clause. Respondents counter Petitioner's arguments by stating that Petitioner has received notice of the charges against him, has access to counsel, may attend hearings with an immigration judge, has the right to appeal the denial of any request for bond, and has been detained by ICE for a relatively short period of time.

In analyzing Petitioner's due process claim, the Court turns to the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *United States v. Silvestre-Gregorio*, 983 F.3d 848, 852 (6th Cir. 2020) (applying the *Matthews v. Eldridge* test in the context of immigration). *Matthews v. Eldridge* requires a court to consider the following three factors: "(1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of that interest; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures entail." *See Lopez-Campos v. Raycraft*, 2025 WL 2496379, at *9 (E.D. Mich. Aug. 29, 2025) (citing *Mathews*, 424 U.S. at 335).

### 1. Private Interest

There is no dispute that Petitioner has a significant private interest in avoiding detention, as one of the "most elemental of liberty interests" is to be free from detention. *See Hamdi*, 542 U.S. at 529. The Court may also consider Petitioner's conditions of confinement, i.e., "whether a

detainee is held in conditions indistinguishable from criminal incarceration." *See Gunaydin*, 784 F. Supp. 3d at 1187 (citing *Hernandez-Lara v. Lyons*, 10 F.4th 19, 27 (1st Cir. 2021); *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020)).

Here, Respondents do not claim that the conditions of Petitioner's confinement differ in any material way from criminal incarceration. And there can be no doubt that Petitioner is "experiencing [many of] the deprivations of incarceration, including loss of contact with friends and family, loss of income earning, . . . lack of privacy, and, most fundamentally, the lack of freedom of movement." *See Gunaydin*, 784 F. Supp. 3d at 1187. Therefore, the "private interest" factor strongly weighs in favor of Petitioner.

### 2. Risk of Error

Given the nature of the immigration judge's decision, the risk of error is highly unlikely. Here, the immigration judge, acting as an impartial decision-maker, reviewed the testimony and evidence and, based upon the evidence presented, made an independent decision that Petitioner was eligible for cancellation of removal and lawful permanent resident status under 8 U.S.C. § 1229b(2), which provides a "special rule for [a] battered spouse or child." In granting Petitioner's application for cancellation of removal under § 1229b(2)(A), the immigration judge necessarily also determined that Petitioner is a person of "good moral character," 8 U.S.C. § 1229b(2)(A)(iii), and did not commit a battery and was not the primary perpetrator of violence in the relationship as it relates to his prior misdemeanor conviction for domestic violence, *see* 8 U.S.C. § 1227(a)(7). Respondents have not presented the Court with any argument, let alone evidence, that would indicate that the immigration judge's decision was in error. Indeed, the Government voluntarily waived the right to appeal the decision. (Feb. 23, 2026, Immigration Judge Order, ECF No. 4-5, PageID.58.) Therefore, this factor also weighs in favor of Petitioner.

### 3. Respondents' Competing Interests and Burdens of Additional or Substitute Procedures

Finally, Respondents do not detail any interest in Petitioner's continued detention. They argue only that, because the time to appeal the immigration judge's decision has not yet expired, the decision of the immigration judge is not administratively final. However, as noted above, Respondents waived their right to appeal the decision. (*Id.*) Therefore, Respondents' argument does nothing to sway the balance in their favor.

Given that the *Matthews* factors weigh heavily in favor of Petitioner, the Court defers to the immigration judge's decision and will order Petitioner's immediate release.

## VI. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VII. Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents.

The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western

9

District of Michigan, the Court will retain the ICE Detroit Field Office Director and the Secretary for the Department of Homeland Security as Respondents. The Court will dismiss the United States Department of Homeland Security, the United States Attorney General, and the Executive Office of Immigration Review as Respondents.

## Conclusion

For the reasons discussed above, the Court will enter a Judgment granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to release Petitioner from custody and will enjoin Respondents from re-detaining Petitioner absent a material change in circumstances. The Court will also order Respondents to file a status report within three days of the issuance of the Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. Further, the Court will dismiss the United States Department of Homeland Security, the United States Attorney General, and the Executive Office of Immigration Review as Respondents.

Dated:     March 19, 2026                         /s/ Jane M. Beckering
                                                                    Jane M. Beckering
                                                                    United States District Judge